FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 29, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSHUA N.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 1:18-CV-03014-JTR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, IN PART |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 14, 19. Attorney D. James Tree represents Joshua N. (Plaintiff); Special Assistant United States Attorney Thomas M. Elsberry represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c).

**PROCEDURAL HISTORY**

Plaintiff filed an application for Disability Insurance Benefits (DIB) on January 4, 2011, Tr. 70, alleging disability since December 18, 2010, Tr. 150, due

to a broken left tibia, leg surgery in December 2010, a dislocated left ankle, a torn left Achilles heel, lower back pain, carpal tunnel, chronic headaches, a swollen liver, dyslexia, asthma, and a broken left leg, Tr. 182. The application was denied initially and upon reconsideration. Tr. 94-96, 98-99. Administrative Law Judge (ALJ) Laura Valente held a hearing on February 13, 2013 and heard testimony from Plaintiff and vocational expert Kimberly Mullinax. Tr. 39-69. The ALJ issued an unfavorable decision on April 26, 2013. Tr. 18-38. The Appeals Council denied review on June 27, 2013, Tr. 11-16, and Plaintiff requested judicial review from this Court on June 25, 2014, Tr. 716-18, after receiving an extension of time from the Appeals Council, Tr. 6, 9, 806, 810.

While the request for an extension of time to file for judicial review was pending before the Appeals Council, Plaintiff filed a subsequent DIB application on April 3, 2014, Tr. 721, alleging disability since April 27, 2013, Tr. 939. This application was reviewed, and on October 6, 2014 Plaintiff was found disabled with an onset date of June 28, 2013. Tr. 739.

On May 11, 2015, this Court remanded the 2011 DIB application for additional proceedings. Tr. 741-60, 815.

On June 30, 2015, the Appeals Council notified Plaintiff that they were reopening the 2014 DIB application for two reasons: 1) the determination granting benefits provided an inaccurate date of onset; and 2) the evidence received subsequent to the favorable determination contradicted the manipulation limitations in the residual functional capacity determination that was relied upon in granting benefits. Tr. 836-38.

On September 25, 2015, the Appeals Council issued a notice of remand and gave the ALJ three instructions: 1) vacate the ALJ decision in the 2011 DIB application; 2) consolidate the 2011 DIB application and the 2014 DIB application into a single electronic record; and 3) issue a new determination on the consolidated claims. Tr. 767. The ALJ held a hearing on March 26, 2017 and

heard testimony from Plaintiff and vocational expert Mark Harrington. Tr. 655-83. The ALJ issued an unfavorable decision on November 20, 2017. Tr. 620-35. The Appeals Council did not assume jurisdiction within the prescribed period so the ALJ's November 20, 2017 decision became the final decision of the Commissioner. 20 C.F.R. § 404.984(a). Plaintiff filed this action on January 30, 2018. ECF Nos. 1, 4.

## JURISDICTION

Final determinations of the Commissioner are appealable to the district court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 33 years old at the alleged date of onset. Tr. 150. He completed high school in 1996. Tr. 183. His reported work history includes the jobs of janitor, retail loss prevention worker, painter, security guard, and some self-employment in security. Tr. 170, 184. Plaintiff reported that he stopped working on December 18, 2010 due to his conditions. Tr. 183.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. § 404.1520(a)(4). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs which the claimant can perform exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE DECISION

On November 20, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. The ALJ identified the relevant time period as October 18, 2010 to April 26, 2013, stating that Plaintiff was

granted disability benefits on October 27, 2014 and was currently in pay status. Tr. 620.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity from December 18, 2010, the alleged date of onset through June 30, 2015, the date last insured. Tr. 623.

At step two, the ALJ determined Plaintiff had the following severe impairments through the date last insured: fractures of the left tibia/fibula; affective disorder; anxiety disorder; and pain disorder. Tr. 623.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments through the date last insured. Tr. 624.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined that from December 18, 2010 to April 26, 2013 he could perform a range of sedentary work with the following limitations:

> This individual can lift and carry 20 lbs. occasionally and 10 lbs. frequently, can stand and/or walk for 2 hours total in an 8-hour day, and can sit for 1 hour at a time, after which he needs to stand-stretch for a few minutes but can continue working while in the standing position. Then he must sit again for 1 hour and so forth. He can sit for 6 hours total in an 8 hour clay. He can do no operating of foot pedals. He can occasionally push-pull with the left lower extremity such as for operation of foot pedal. He can perform all postures occasionally except he can do no climbing of ladders, ropes or scaffolds. He can do no kneeling, crouching or crawling. He must avoid all exposure to vibrations, must avoid concentrated exposures to extreme cold, heat, wetness, humidity and hazards. This individual has sufficient concentration to understand, remember and carry out simple repetitive tasks. He can maintain attention and concentration in 2-hour increments with usual and customary breaks throughout an 8-hour work day. He can work superficially and occasionally with the general public. He can work in proximity to an unlimited number of co-workers but should not work in coordination with them.

Tr. 625. The ALJ identified Plaintiff's past relevant work as a control area security guard, a loss prevention worker, a window assembler, a hotel guest clerk, and a fire watch/fire inspector and concluded that Plaintiff was not able to perform this past relevant work during the relevant time period. Tr. 632.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform through the date last insured, including the jobs of touch up screener, table worker, and order clerk. Tr. 633. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from December 18, 2010 to April 26, 2013. Tr. 634.

## ISSUES

The parties agree that the ALJ's determination is not supported by substantial evidence or based on proper legal standards. ECF Nos. 14, 20. The questions presented are (1) what period of time is before the Court and (2) whether the ALJ's determination should be remanded for additional proceedings or for an immediate award of benefits.

## DISCUSSION[1]

**A.    Time Period**

The Appeals Council instructed the ALJ on remand to vacate her prior

---

[1] In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent Lucia applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

decision in the 2011 DIB application, consolidate the 2011 DIB application and the 2014 DIB application into a single electronic record, and issue a new determination on the consolidated claims. Tr. 767. Plaintiff argues that the ALJ chose not to disturb the October 27, 2014 granting of benefits in the 2014 DIB application and limited her review to the period at issue in the 2011 DIB application. ECF No. 20 at 3. He further asserts that the 2014 DIB application is outside of this Court's jurisdiction as Plaintiff appealed the November 20, 2017 decision, which is the final decision of the Commissioner for only December 18, 2010 to April 26, 2013. *Id*. Defendant argues that (1) the consolidated time period for both claims was before the ALJ, (2) the ALJ erred in concluding that the Agency had granted benefits in the 2014 DIB claim on October 27, 2014 and limited her review to October 18, 2010 to April 26, 2013, and (3) this error requires a remand to address evidence that went unaddressed by limiting the time period considered. ECF No. 19.

In reviewing Plaintiff's complaint, it is clear that he is appealing the final determination of the Commissioner dated November 20, 2017. ECF No. 4; Tr. 620-35. This ALJ decision addresses the time period of both the 2011 DIB application and the 2014 DIB application. In her summary of the jurisdictional and procedural history of the claim, the ALJ concluded that Plaintiff was in pay status due to the 2014 DIB application being granted in an October 27, 2014 decision.[2] Tr. 620. She defined the relevant time period as the alleged onset date, October 18, 2010, through the date of her prior decision, April 26, 2013. *Id*. However, throughout the five-step sequential evaluation process, the ALJ oscillates between addressing the time period of the consolidated claims (from the alleged onset date of October 18, 2010 through the date last insured of June 30, 2015) and the time

---

[2]Benefits were actually granted in an October 6, 2014 determination with an onset date of June 28, 2013. Tr. 767.

ORDER - 7

period of only the 2011 DIB application (from the alleged onset date, October 18, 2010, through the date of the ALJ's prior decision, April 26, 2013). Tr. 624-34. In step one, the ALJ addressed the time period of consolidated claims, finding Plaintiff had not engaged in substantial gainful activities from the onset date to the date last insured. Tr. 623. At step two, the ALJ addressed the time period of the consolidated claims, finding Plaintiff had severe impairments from the date of onset through the date last insured. *Id.* At step three, the ALJ addressed the time period of the consolidated claims, finding Plaintiff did not meet or equal a listing from the date of onset through the date last insured. Tr. 624. In making the residual functional capacity determination, the ALJ addressed the period of time for only the 2011 DIB application, prescribing limitations that were present from the onset date to April 26, 2013. Tr. 625. At step four, the ALJ addressed the time period for only the 2011 DIB application, finding Plaintiff unable to perform any past relevant work during the "relevant time period," which she had previously defined as from onset through April 26, 2013. Tr. 632. At step five, the ALJ addressed the time period of the consolidated claims, finding that there were jobs in the national economy Plaintiff could have performed from the onset date through the date last insured. Tr. 633. In the ALJ's concluding paragraph, the ALJ found that Plaintiff was not disabled from December 18, 2010 to April 26, 2013. Tr. 634.

      The ALJ made findings at steps one, two, three, and five that address the time period covered by the consolidated claims. Therefore, Plaintiff's argument that the ALJ decided not to disturb the granting of Plaintiff's 2014 DIB application is unsupported. Furthermore, Plaintiff's assertion that the ALJ meant to affirm the Agency's prior determination regarding Plaintiff's 2014 DIB application contains two fallacies. First, the agency's prior determination in Plaintiff's 2014 DIB claim was a denial of benefits and a finding that disability was not supported by substantial evidence, Tr. 837-38, and not, as Plaintiff asserts, the initial

determination that his residual functional capacity would preclude work, ECF No. 20 at 5. Second, such an assertion creates a procedural gap between the ALJ's defined relevant time period of October 18, 2010 to April 26, 2013 and the June 28, 2013 onset date for the granting of the 2014 DIB application.

Plaintiff additionally asserts that this Court's order in his previous request for judicial review, Case 1:14-cv-03090-VEB, precludes this Court from considering the 2014 DIB application and the granting of benefits on October 6, 2014. ECF No. 20 at 3 (citing Tr. 758). However, the Court's order in the prior request for review was a sentence four remand meaning the Court did not retain jurisdiction pending further administrative proceedings. Tr. 758-59 (finding that the ALJ's determination could not be sustained, remanding the case, and closing the file). The Supreme Court has found that the "exclusive methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six of § 405(g)." *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). Sentence four remands are final judgments by the district court and orders in sentence six remands allow the district court to retain jurisdiction pending the outcome of additional administrative proceedings. *Id*. at 297. Each final decision of the Commissioner will be reviewable by separate litigation. *Sullivan v. Finkelstein*, 496 U.S. 617, 625 (1990). The November 20, 2017 ALJ decision is a new and unique final determination of the Commissioner, which addressed the period of time from the date of onset through the Plaintiff's date last insured. Therefore, the Court has jurisdiction over the November 20, 2017 decision.

In conclusion, the period of time before this Court is from the alleged date of onset through the date last insured. The ALJ erred by failing to make a determination at all five steps of the sequential evaluation process that addressed this time period.

**B.  REMEDY**

Plaintiff argues that this Court should look to the medical evidence in this

case and make a determination that a finding of disability is inevitable and remand for an immediate award of benefits. ECF Nos. 14, 20. Defendant asserts that the ALJ's error in failing to address the correct period of time necessitates a remand for additional proceedings. ECF No. 19.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

Here, the ALJ made a residual functional capacity determination for the limited time period for October 18, 2010 to April 26, 2013 stating that she only addressed the medical evidence in the file for this period. Tr. 626. However, the ALJ then used this residual functional capacity determination to make a step five determination from October 18, 2010 to the date last insured, June 30, 2015 without considering the medical evidence after April 26, 2013. The evidence not considered by the ALJ in forming the residual functional capacity determination includes substantial treatment notes and the opinions of George, Liu, M.D., Tr.

1130-54, C. Donald Williams, M.D., Tr. 1215-40, Kumar Swami, M.D., Tr. 1467-68, and Brady Moss, ARNP, Tr. 1818-19.

This is a reviewing Court, and not the trier of fact. Considering a substantial portion of the record was not considered in the ALJ's formation of the residual functional capacity determination, the proper remedy in this case is to remand for additional proceedings.

Upon remand, the case will be assigned to a new ALJ. This ALJ will make a new determination at steps one through five from Plaintiff's alleged onset date, October 18, 2010, through Plaintiff's date last insured, June 30, 2015. The ALJ will not incorporate any portions of the any of the prior ALJ determinations due to the amount of evidence these prior determinations failed to consider, but will address the entire record in a *de novo* hearing.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED, in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED November 29, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER - 11